QUEEN CITY LODGE NO. 69, FRATERNAL ORDER OF POLICE, HAMILTON COUNTY, OHIO, INC., APPELLANT, *v.* CITY OF CINCINNATI, OHIO, APPELLEE.

[Cite as *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati* (1992), 63 Ohio St.3d 403.]

(No. 91–647—Submitted February 25, 1992—Decided April 15, 1992.)

404

*Swain, Hardin & Hill, Donald E. Hardin* and *Stephen S. Lazarus,* for appellant.

*Fay D. Dupuis,* City Solicitor, and *James F. McCarthy III,* for appellee.

ALICE ROBIE RESNICK, J.   In considering this matter, we must determine the following: (1) Was the arbitrator empowered to award any remedy for the contract violation that had occurred?   and (2) If so, must the remedy which the arbitrator awarded be modified, corrected, or vacated?

# I

## Power to Award a Remedy

The court of appeals reasoned that the arbitrator's award was on a "nonsubmitted" matter.   After deciding that the matter of a remedy was not submitted to the arbitrator, the court of appeals concluded that it was required by R.C. 2711.11(B) to find that the trial court erred in not granting the city's motion to modify or correct the award.[1]

We do not agree with the court of appeals' initial determination that the matter of a remedy was "nonsubmitted" for purposes of R.C. 2711.11(B). Because the judgment of the court of appeals was based on a faulty premise, we disagree with the result reached by that court.

The parties to a collective bargaining agreement can not anticipate every possible breach of the agreement that may occur during its life and then write an appropriate remedy for each such situation into the agreement.   This fact does not, however, preclude an arbitrator from awarding a remedy.   Even though the agreement may not spell out an applicable remedy for a matter that is before an arbitrator, the parties usually expect that the arbitrator, if he or she finds a violation has occurred, will proceed to award a remedy of some type.   See *Miller Brewing v. Brewery Workers Local Union No. 9* (C.A.7, 1984), 739 F.2d 1159, 1163, certiorari denied (1985), 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (" * * * the agreement must implicitly grant * * * [the arbitrator] remedial powers when there is no explicit grant").

---

1.   R.C. 2711.11 reads, in pertinent part:
"In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
" * * *
"(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
" * * *
"The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

Authorities uniformly agree that the power to award a remedy is generally part and parcel of the arbitration process. See, *e.g.,* Hill & Sinicropi, Remedies in Arbitration (2 Ed.1991) 47 ("Unless there is clearly restrictive language withdrawing the subject matter or a particular remedy from the jurisdiction of the arbitrator, courts will generally hold that the arbitrator possesses the power to make the award and fashion a remedy even though the agreement is silent on the issue of remedial authority."); Fairweather, Practice and Procedure in Labor Arbitration (3 Ed.1991) 338 ("It has long been recognized that arbitrators have the power to award compensatory damages in nondisciplinary cases even where the collective bargaining agreement does not provide expressly for such a remedy."). See, also, Elkouri & Elkouri, How Arbitration Works (4 Ed.1985) 286–288.

We agree with the position of these authors that the arbitrator's power to award a remedy is presumed unless the parties agree otherwise. Despite the city's contention that the arbitrator had no power to award a remedy, we find no evidence in the record which would indicate that the parties did not expect the arbitrator to award a remedy. The FOP, although it did not immediately request a remedy when it filed the grievance, submitted a proposed remedy to the arbitrator. The city, through its silence on the issue of a remedy, indicated that it expected one to be awarded. Because the presumption that the arbitrator had the power to award a remedy has not been overcome, we find that the arbitrator had implicit remedial power. Therefore, the issue of a remedy was properly before the arbitrator, and was not a "nonsubmitted" matter. The court of appeals erred when it applied R.C. 2711.11(B) to modify the award by overturning the remedy.

## II

### Appropriateness of the Remedy

Having determined that the arbitrator had the power to award a remedy of some type, we now proceed to consider whether the remedy actually awarded was appropriate. The court of appeals did not consider this issue, in part because it felt the arbitrator had no authority to award any remedy in this situation.

Initially, we note that a reviewing court's role in evaluating an arbitrator's award is a limited one. The arbitrator's award will not be vacated so long as the award "draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428; *Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 179, 572 N.E.2d 71, 73;

*Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, paragraph one of the syllabus, certiorari denied (1975), 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 303.

Additionally, R.C. 2711.10(D) guides us, because that statute allows an arbitrator's award to be vacated when the arbitrator has exceeded his or her powers. For our purposes, the converse is also true—if the arbitrator has *not* exceeded his or her powers, the award should not be vacated or modified, absent any of the other circumstances in R.C. 2711.10 and 2711.11 (such as corruption, fraud, misconduct, partiality, or material mistake).

An arbitrator has broad authority to fashion a remedy, even if the remedy contemplated is not explicitly mentioned in the labor agreement. See *General Tel. Co. of Ohio v. Communications Workers of America, AFL–CIO* (C.A.6, 1981), 648 F.2d 452, 456–457; *United Steelworkers v. Enterprise Wheel, supra,* 363 U.S. at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428. Once the arbitrator has made an award, that award will not be easily overturned or modified. It is only when the arbitrator has overstepped the bounds of his or her authority that a reviewing court will vacate or modify an award.

We can not say that the arbitrator exceeded his authority by awarding the remedy he did in this case. The remedy awarded is appropriate under the circumstances. The arbitrator determined that the city, by restricting Officer McMillen to his home, was in effect forcing the officer to be on city time twenty-four hours a day. Once this determination is accepted, it would logically follow that a person acting in the capacity of an employee should be compensated for his time. This award appears to draw its essence from the collective bargaining agreement. We will not, in this situation, substitute our judgment for that of the arbitrator.

## Conclusion

In an arbitration, the power to award a remedy usually accompanies the power to consider whether a bargaining agreement violation has occurred. If it did not, some of the major benefits of arbitration would be undermined. If the prevailing side in an arbitration were routinely forced to go to a court of law (or to another arbitration) to win a remedy, the time and cost advantages of arbitration would be lost. See *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 83–84, 22 OBR 95, 98, 488 N.E.2d 872, 875.

We hold that once a violation of a collective bargaining agreement is found, an arbitrator is presumed to possess implicit remedial power, unless the agreement contains restrictive language withdrawing a particular remedy from the jurisdiction of the arbitrator. Thus we find that the arbitrator in

this case was authorized to award a remedy. We further find that the remedy awarded was properly confirmed by the trial court.

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.