OPINION
Five civil cases pending in the Lake County Court of Common Pleas were referred to binding arbitration by the court as a consequence of provisions in an agreement dated July 30, 1998. Appellant, Dawson Builders, Inc., is a party plaintiff in all five cases; appellant, Raymond H. Dawson is a plaintiff in one of the cases. Appellee, William R. Dawson, is a defendant in four of the cases; appellees, Rylan, Inc., Salvatore S. Travarca, Jr., Eye Will Development, Inc., and R.B. Eye, Inc. are defendants in one case each.
Arbitration was concluded and the report and arbitration award was filed and approved by the court on April 5, 1999. Appellants filed a Motion to Vacate the Arbitration Award on April 12, 1999. Appellants filed a Motion to Modify the Arbitration Award on May 26, 1999.
On December 17, 1999, the motions were heard and overruled, without opinion, by the Lake County Court of Common Pleas. Dawson Builders, Inc., and Raymond H. Dawson appeal, assigning four errors:
 "I. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS-APPELLANTS' MOTION TO VACATE THE ARBITRATION AWARD.
 "II. THE TRIAL COURT ERRED IN NOT ENTERING A FINAL ENFORCEABLE JUDGEMENT [sic].
 "III. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS-APPELLANTS' MOTION TO MODIFY THE ARBITRATION AWARD IN VIEW OF THE MATERIAL MISCALCULATION OF FIGURES BY THE ARBITRATOR.
 "IV. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS-APPELLANTS' MOTION TO MODIFY THE ARBITRATION AWARD WHERE THERE WAS AN EVIDENT MATERIAL MISTAKE IN DETERMINING THE PROPERTY OF THE PARTIES."
Appellant, Raymond H. Dawson, is the father of William R. Dawson, appellee, and is also the sole owner of appellant, Dawson Builders, Inc. The arbitrator, Leland S. Freedman, is an attorney who provided tax and accounting advice to the Dawsons. The cases involve disputes concerning financial transactions between appellants and each of the numerous, separately sued appellees.
The gist of appellants' challenges to the arbitration/court judgment is that the arbitration failed to produce a definitive award (Assignment of Error I, II), contained miscalculations (Assignment of Error III), and was the product of evident material mistake (Assignment of Error IV).
As a general rule, judicial review of binding arbitration awards is limited to factors contained in R.C. 2711.10 and 2711.11.
 "In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
 "(A.) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
 "(B.) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
 "(C.) The award is imperfect in matter of form not affecting the merits of the controversy."
The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties. R.C. 2711.11.
In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 "(A.) The award was procured by corruption, fraud, or undue means.
 "(B.) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 "(C.) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 "(D.) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators. R.C. 2711.10.
 I.
Claiming favor of R.C. 2711.10(D), appellants' first assigned error claims that the award of a "net judgment due Plaintiff in this action" fails to specify whether the amount so stated is awarded only to plaintiff Dawson Builders, Inc., or whether part of the award is also to Raymond H. Dawson. Further, that the award fails to dispose of the respective liabilities of the differing defendants in the several cases.
Appellees counter that the arbitrator testified in court upon the challenging motions of appellants, and explained to the satisfaction of the trial court how the award was derived, how it is allocable on a percentage basis among the parties, and how it can be readily apportioned among the appropriate parties. Appellants fail to demonstrate how each is prejudiced by the failure of the award to identify the separate entities, the corporation and the sole owner, in the award.
The trial court acted neither contrary to law, nor did it abuse its discretion in affirming the award in this regard.
The first assignment of error is without merit.
 II.
Appellants next claim that the judgment of the court does not satisfy the legal requirements for becoming a definitive, final order of the court, and reciting the rights and responsibilities of the parties upon its four corners. Civ.R. 54(A).
Here, the arbitration report spells out the claims and the judgments to be rendered against the defendants in a generic, referential manner. It was considered in detail at the hearing, and the judgment (the genesis of this appeal) recites that the motions to vacate and modify the arbitration ruling are overruled. The court gave no explanation for the rationale of its ruling.
We conclude that the order of the court incorporates the filed and recorded arbitration award. Thus, the judgment reaches beyond its terms and includes by clear reference the report of the arbitrator.
The anomaly of this assignment of error is that if sustained, the appeal would be dismissed for want of appellate jurisdiction. Appellants apparently do not want this result.
The second assignment of error is without merit.
 III.
Appellants argue that there are material miscalculations in the report in that appellee William R. Dawson's one-half profit entitlement in realty developments, Dawson Estates Nos. 3, 4, 5, failed to consider the tax consequences upon the Chapter C corporate income tax status and liability of Dawson Builders, Inc. The arbitrator, being apprised of the tax liability of the corporation, should have deducted same before dividing profits. This is a material miscalculation that should be modified and corrected.
Appellees counter, noting that the arbitrator testified to the court on the motion hearing that he determined the profit before taxes, i.e., he did take into consideration the tax considerations appellants claim he failed to consider.
We conclude that the objection here is to the merit of the pre-tax division of the profits order of the arbitrator, not a material miscalculation of the numbers.
It is apparent that the trial court found that the arbitrator acted within the limits of his discretion, within the bounds of his authority, and that the award drew its essence from the parties' agreement. There was no evidence of fraud, corruption, material mistake or substantial impropriety. Queen City Lodge No. 69, F.O.E., Hamilton C. v. Cincinnati
(1992), 63 Ohio St.3d 403.
In our appellate review, we cannot find that the judgment of the trial court was either contrary to law or an abuse of discretion.
The third assignment of error is without merit.
 IV.
Appellants claim there was an apparent, evident material mistake in determining the property of the parties. This challenge relates to the findings regarding the interest of Raymond H. Dawson in defendant corporation, R.B. Eye, Inc. Appellants tender an earlier memo from the arbitrator to the effect that Raymond H. Dawson was to be a one-third owner of the corporation.
However, at the conclusion of the arbitration proceedings, the arbitrator concluded that the $117,500 paid earlier to the corporation was to be returned to him, with interest, and that he owned no share in the corporation.
Appellants mischaracterize the final report of the arbitrator. The trial court evidently concluded that the arbitrator reexamined the relationship of the parties and concluded the matter differently than earlier understood. The trial court, giving deference to the discretion and authority of the arbitrator, did not act contrary to law or abuse his discretion in overruling the motions in this regard.
The fourth assignment of error is without merit.
The judgment of the Lake County Court of Common Pleas, and the arbitration award it sustains, is affirmed.
 _________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., NADER, J., concur.