OPINION
{¶ 1} Plaintiffs-appellants, Warren County Deputy Sheriff's Benevolent Association and William Sulfsted, appeal the judgment entry of the Warren County Court of Common Pleas overruling a motion to vacate an arbitration award discharging William Sulfsted ("appellant")[1] from employment in the Warren County Sheriff's department. Defendants-appellees are Warren County Sheriff Thomas Ariss and the Warren County Sheriff's Office. We affirm the decision of the common pleas court.
 {¶ 2} On August 6, 1998, the Warren County Sheriff terminated appellant's employment as a deputy sheriff in the Warren County Sheriff's department after a series of alleged incidents involving appellant's performance of his deputy sheriff duties. Appellant contested the termination and the matter ultimately proceeded to arbitration pursuant to the parties' Collective Bargaining Agreement ("CBA").
 {¶ 3} On March 6, 2000, while the above matter was pending, appellant filed with the Warren County Board of Elections to run for the office of county sheriff. The Warren County Sheriff again terminated appellant from his employment as deputy sheriff. The Warren County Sheriff believed appellant's action to be a violation of R.C. 124.57.[2]
Appellant submitted this termination to the arbitrator as well.
 {¶ 4} On April 25, 2001, the arbitrator issued his opinion and award regarding the second termination, without ruling on the first termination. He found that there was just cause for appellant's termination on March 6, 2000. As such, he found the termination was proper and denied appellant's grievance.
 {¶ 5} On October 10, 2001, the arbitrator issued his opinion and award regarding the first termination. He found that the termination was excessive and improper. He modified the termination by reducing the first termination to a ten-day suspension. Further, appellant was to receive back pay, but only to March 6, 2000, the date of appellant's second termination.
 {¶ 6} Appellant filed a motion in the Warren County Common Pleas Court to vacate the portion of the arbitration decision that upheld the second termination. The common pleas court overruled the motion to vacate on January 30, 2002. Appellant appeals the denial of his motion to vacate, raising one assignment of error as follows:
 {¶ 7} "THE COURT ERRED IN FAILING TO VACATE THE AWARD OF THE ARBITRATOR."
 {¶ 8} Appellant contests the arbitrator's decision regarding his second termination. He contends that the arbitrator's award conflicted with the express terms of the CBA. He states that pursuant to the CBA, the sheriff may only take disciplinary action for actions occurring while an employee is on duty, or representing himself as an employee, or where the employee's conduct violates his oath of office. Appellant further contends that the arbitrator exceeded his authority by determining that an individual contesting his first termination could be disciplined for an action occurring after already being terminated from employment. He further argues that the arbitrator's decision cannot be rationally derived from the CBA. He argues that the award is arbitrary, capricious and unlawful. Finally, he contends that the arbitration decision does not draw its essence from the CBA because it is not rationally related to the award.
 {¶ 9} We have previously stated that "arbitration provides for conflict resolution with speed and limited expense, while reducing the caseload of our court system." Bd. of Trustees of Miami Twp. v.Fraternal Order of Police, Ohio Labor Council (2000), Clermont App. No. CA99-03-028 and CA99-04-031, 2000 WL 628219 at *2. As such, the Supreme Court of Ohio has stated that "it is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts." Mahoning Cty. Bd. of Mental Retardation andDevelopmental Disabilities v. Mahoning Cty. TMR Edn. Assn. (1986),22 Ohio St.3d 80, 84, quoting Campbell v. Automatic Die and Products Co.
(1954), 162 Ohio St. 321, 329.
 {¶ 10} An arbitrator's award will be upheld if it "draws its essence from the collective bargaining agreement." Queen City Lodge No.69, Fraternal Order of Police, Hamilton Cty., Ohio v. Cincinnati (1992),63 Ohio St.3d 403, 406, quoting United Steelworkers of America v. Ent.Wheel Car Corp. (1960), 363 U.S. 593, 597, 80 S.Ct. 1358. "An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." Ohio Office ofCollective Bargaining v. Ohio Civil Service Emp. Assn., Local 11,AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, syllabus.
 {¶ 11} Pursuant to Article 11, Section 11.8 of the CBA, the arbitrator was given the power to "render a decision which shall be final and binding upon all parties. The arbitrator shall have no power or authority to change, amend, modify, add to, delete from or otherwise alter this agreement." Additionally, Chapter 2711.10 of the Ohio Revised Code allows an arbitration award to be vacated if "[t]he arbitrators exceed their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." R.C. 2711.10(D).
 {¶ 12} However, "[a]n arbitrator has broad authority to fashion a remedy, even if the remedy contemplated is not explicitly mentioned in the labor agreement. (Citations omitted.) Once the arbitrator has made an award, that award will not be easily overturned or modified. It is only when the arbitrator has overstepped the bounds of his or her authority that a reviewing court will vacate or modify an award." QueenCity Lodge No. 69, 63 Ohio St.3d at 407.
 {¶ 13} In the present case, the arbitrator found that appellant had been improperly discharged pursuant to a series of alleged incidents involving his performance of his deputy sheriff duties. He modified the original discharge to a ten-day suspension. However, the arbitrator also found that appellant was properly dismissed for just cause when he filed to run for sheriff in Warren County. Therefore, the arbitrator only awarded appellant back pay from the day of his original discharge to the day he filed to run for office.
 {¶ 14} The arbitrator rationally derived from the essence of the CBA that appellant may not at the same time assert the right to continued status as a deputy sheriff through the use of the CBA grievance procedure, and engage in conduct that is cause for termination. Further, the arbitrator rationally determined that the sheriff had just cause to terminate appellant's employment the second time.
 {¶ 15} R.C. 124.57 states in pertinent part that "no officer * * * in the classified service * * * shall * * * take part in politics other than to vote * * * and to freely express political opinions." The Ohio Administrative Code defines classified service as "* * * all persons in the active pay status serving in the competitive classified service of the state or counties * * *." Ohio Adm. Code 123:1-46-02. The sheriff was permitted to terminate appellant's employment the second time for violating R.C. 124.57. See [State ex rel.] Northern Ohio Patrolmen'sBenevolent Assocation et al. v. Wayne Cty. Sheriff's Department et al.
(1986), 27 Ohio App.3d 175.
 {¶ 16} Appellant asserts that he was not on "active pay status" at the time he filed to run for office and thus could not be disciplined pursuant to R.C. 124.57. However, appellant still was asserting his rights as an officer in the classified service who was subject to the CBA while attempting to procure reinstatement as a deputy sheriff. In effect, appellant was asserting that he was still a deputy sheriff because his first termination was improper. It is not reasonable for appellant to assert that he is subject to the CBA for one purpose, reinstatement, but not for another, discipline.
 {¶ 17} The arbitrator in his opinion and award likened appellant's status during the arbitration to one who is on unpaid leave of absence. Such individuals, although not on "active pay status," are still subject to Ohio law relating to their positions. See State ex rel. Neffer v.Hummel, Sec. Of State (1943), 142 Ohio St. 324, 331. As such, it was rational for the arbitrator, without exceeding his authority, to find appellant subject to R.C. 124.57 during his grievance process.
 {¶ 18} The arbitrator explained his reasoning in his opinion and award, finding that "[t]he chance that a discharged Grievant will ultimately return to work is not so remote that the Grievant could consider himself inactive. Indeed, the Sheriff's comparison of a discharged employee to one on layoff or on leave of absence is more rationally related than the Union's comparison of [appellant] to a non-employee citizen. While [appellant's] discharge was in place, it was not permanent until affirmed by an arbitrator. * * * As long as his status as an employee was in doubt, then the statute is applicable just as it would be to a laid off employee or an employee on leave. For these reasons, it must be found that whatever the outcome of the original Grievance, [appellant] relinquished his right to return to work the moment he filed to run for Sheriff."
 {¶ 19} Further, pursuant to Article 10, Section 10.1 of the CBA, the arbitrator correctly found that the sheriff had just cause to discharge appellant when he filed to run for sheriff. Article 11, Section 11.9 of the CBA provides the arbitrator with the authority, in cases of discharge, "to award modification of such discipline." Pursuant to this article, the arbitrator stated in his opinion and award that "[appellant's] status as an ex-employee was only potential" after his first termination. In fact, the arbitrator did modify appellant's first termination to a ten-day suspension. Because of this decision, appellant learned upon hearing the arbitrator's opinion and award that he was employed at the time he filed to run for sheriff. As such, appellant was subject to 124.57 and so could be discharged for violating that statute.
 {¶ 20} The arbitrator reasoned in his opinion and award that "A sheriff can not have his employees running against him while working for him. * * * [S]uch an act would so undermine the ability of an employer to manage its workforce that separation of employment would be justified immediately. Such a circumstance being unacceptable in any circumstance, it is absolutely impossible in a para-military organization.
 {¶ 21} "* * * [I]t is logical to find that [appellant's] status as an employee was properly terminated, this second time permanently, under the just cause provision of the Agreement. [Appellant] breached a fundamental understanding between the Parties to the Agreement. Any belief that he was able to run for Sheriff without risking his return to work is unreasonable. Such a scenario could be reasonably foreseen to motivate future discharged employees to immediately run for Sheriff. Without anything to lose, nothing would stop them. Instead, it is more rational to find that once a discharged [deputy sheriff] attempts to run for the office of Sheriff, the right to return to work has been immediately and permanently forfeited. To find otherwise would undermine the (present sheriff's) authority and is reasonably predicted to create havoc. This must be avoided."
 {¶ 22} We find the arbitrator did not exceed his authority and the award draws its essence from the CBA. Although the CBA did not expressly state that appellant remained subject to the CBA during the pendency of his grievance procedure, the arbitrator rationally derived this from the CBA. It was rational for the arbitrator to conclude that appellant could not at the same time assert the right to a continued status as deputy sheriff and engage in conduct that is cause for termination. Thus, the arbitrator rationally derived from the CBA that the sheriff had just cause to terminate appellant's employment after appellant filed to run against him for the Warren County Sheriff position.
 {¶ 23} The arbitrator's decision does not conflict with the express terms of the CBA. The essence of the award rationally derives from the CBA. It was not arbitrary, capricious or unlawful. As such, appellant's assignment of error is overruled.
 {¶ 24} Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] Plaintiff-appellant, Warren County Deputy Sheriff's Benevolent Association, represents William Sulfsted's interests in this appeal.
[2] R.C. 124.57 provides in pertinent part: "No officer or employee in a classified service * * * of several counties * * * shall directly or indirectly, orally or by letter solicit or receive or be in any manner concerned in soliciting or receiving any assessment, subscription or contribution for any political party or for any candidate for public office * * * or take part in politics other than to vote as the officer or employee pleases and to freely express political opinions."