JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
 Background
This case reaches us on appeal from the trial court's decision overturning an arbitrator's award of back pay to a Cincinnati police officer. Cincinnati Police Lieutenant Aaron Taylor was indicted for ten felonies, including three counts of having unlawful interest in a public contract, four counts of theft in office, and three counts of tampering with records. More specifically, he was charged with using the authority of his office to secure contracts with various entities, with depositing money obtained from a grant into his own account, and with not dispersing or crediting the funds when they were due. The charges related to his involvement in the Cincinnati Police Department's Youth Service Program and his position in a corporation he formed under the name Roselawn Substation Support Group.
After he was indicted, Taylor was charged with violating Rule 1.02(c) of the Police Manual of Rules and Regulations and Disciplinary Process requiring all members (officers) to obey all felony traffic and criminal laws. The city's acting safety director held a hearing and determined that Taylor should be suspended without pay pending the final disposition of the criminal charges. The charges against Taylor were eventually dismissed after he entered a guilty plea as an agent for the Roselawn corporation to two charges relating to these events. As a result of the plea bargain, Taylor voluntarily terminated his employment and agreed not to seek reinstatement.
Taylor filed a grievance alleging that his suspension without pay was implemented without just cause. The arbitrator granted his grievance and awarded Taylor back pay. The arbitrator noted in his award that the city's acting safety director had testified that, in his opinion, if the criminal charges against Taylor did not lead to a finding of guilty, Taylor should have been paid for the time that he was suspended.
The city of Cincinnati filed a motion to vacate the arbitrator's award, which the trial court granted. In support of its ruling, the trial court found that Taylor had committed the acts to which the corporation had pleaded guilty.
 Analysis
A court can overturn an arbitrator's decision only in a few narrow situations. These situations are enumerated in R.C. 2711.10, and only one applies in the case sub judice. An arbitrator's award shall be vacated if the arbitrator "exceeded [his or her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." An arbitrator exceeds his or her powers when the arbitrator's award does not "draw its essence from the collective bargaining agreement."[1]
For an award to draw its essence from a collective-bargaining agreement, "there must be a rational nexus between the agreement and the award."[2] An award departs from the essence of a collective-bargaining agreement when "the award is without rational support or cannot be factually derived from the terms of the agreement."[3] A court must apply these standards and cannot review legal or factual conclusions made by an arbitrator.[4]
The award of back pay to Taylor clearly had rational support. Taylor was not found guilty of any of the charges initially brought against him. His entry of a guilty plea on behalf of the Roselawn corporation in no way reflected on his personal guilt or innocence. The trial court erred in substituting its judgment for the arbitrator's when it found that Taylor had committed the acts to which the corporation had pleaded guilty. The trial court was not entitled to review factual conclusions made by the arbitrator. The dismissal of all the charges against Taylor indicated that he had not violated the police manual's prohibition against violating felony criminal laws. Under these circumstances, there was no underlying cause for his discipline.
After the arbitrator found a violation of the collective-bargaining agreement, he possessed "implicit remedial power, unless the agreement contain[ed] restrictive language withdrawing a particular remedy from the jurisdiction of the arbitrator."[5] Furthermore, "an arbitrator has broad authority to fashion a remedy, even if the remedy contemplated is not explicitly mentioned in the labor agreement."[6] Awarding back pay was not specifically mentioned in the collective-bargaining agreement in this case. In fact, the agreement was silent as to almost all remedies. This was not a bar to a remedy, however, since the arbitrator possessed broad remedial authority.
Awarding back pay to an employee suspended without just cause is a legitimate and reasonable award. Taylor was clearly entitled to a form of relief since he had been suspended without just cause. He had already voluntarily resigned, and therefore the arbitrator was limited regarding the available remedies that could be ordered. Further, it is disingenuous for the city to argue against the award of back pay when its own official testified that Taylor should have been awarded back pay if the charges against him did not lead to a finding of guilty.
The city argues that awarding Taylor back pay was a violation of public policy. We disagree. Taylor was not convicted of any criminal acts. All charges against him were dismissed. Any public policy against police officers engaging in criminal conduct was inapplicable, as Taylor was not found to have been personally responsible for any such conduct. Under this same reasoning, back pay did not reward Taylor for his behavior. We do not see how one can be said to have been rewarded when their conduct did not result in a recognized violation of the law. Public policy is a narrow exception to the normal "hands-off" policy that courts apply when assessing arbitration awards.[7] Taylor's award of back pay does fit into this narrow exception.
Therefore, the judgment of the trial court is reversed, and the award of the arbitrator is hereby reinstated.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] Queen City Lodge No. 69, Fraternal Order of Police v. Cincinnati
(1992), 63 Ohio St.3d 403, 406, 588 N.E.2d 802, citing UnitedSteelworkers of America v. Enterprise Wheel Car Corp. (1960),363 U.S. 593, 597, 80 S.Ct. 1358.
[2] Internatl. Assn. of Firefighters, Local 67 v. Columbus,95 Ohio St.3d 101, 102, 2002-Ohio-1936, 766 N.E.2d 139.
[3] Ohio Office of Collective Bargaining v. Ohio Civil Service (1991),59 Ohio St.3d 177, 183, 572 N.E.2d 71.
[4] United Paperworkers Internat'l. Union v. Misco, Inc. (1987),484 U.S. 29, 108 S.Ct. 364.
[5] Queen City Lodge No. 69, Fraternal Order of Police v. Cincinnati
(1992), 63 Ohio St.3d 403, 407, 588 N.E.2d 802.
[6] Id.
[7] See Southwest Ohio Regional Transit Authority v. AmalgamatedTransit Union, Local 67, 91 Ohio St.3d 108, 112, 2001-Ohio-294,742 N.E.2d 630.