[Cite as *Ohio Dept. of Adm. Servs., v. Fraternal Order of Police of Ohio, Inc.*, 2017-Ohio-1382.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, Ohio Department of Administrative Services, Office of Collective Bargaining et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | No. 16AP-457 |
| | | (C.P.C. No. 15MS-119) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Fraternal Order of Police of Ohio, Inc., Ohio Labor Council, Inc., | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on April 13, 2017

**On brief:** *Mike DeWine*, Attorney General, *Robert E. Fekete* and *Sloan T. Spalding*, for appellants. **Argued:** *Robert E. Fekete.*

**On brief:** *Paul L. Cox*, *Gwen Callender*, and *Douglas J. Behringer*, for appellee. **Argued:** *Douglas J. Behringer.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, State of Ohio, Ohio Department of Administrative Services, Office of Collective Bargaining, and Ohio Department of Public Safety ("DPS") (collectively "the state"), appeal from a decision and entry of the Franklin County Court of Common Pleas denying the state's motion to vacate the arbitration award and granting the motion to confirm the arbitration award of defendant-appellee, Fraternal Order of Police of Ohio, Inc., Ohio Labor Council, Inc. ("FOP"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2}   Effective July 1, 2012, the state and FOP entered into a collective bargaining agreement ("CBA") allowing, among other things, the parties to submit certain disputes to arbitration.  On March 1, 2013, the director of DPS issued a letter to Timothy Gales, an employee of the Ohio Investigative Unit, informing him that his employment had been terminated.  Following a workplace investigation into allegations that Gales had sold numerous vehicles that he purchased at auction to members of the public without obtaining a dealer or salvage license from the Ohio Bureau of Motor Vehicles, DPS decided to terminate Gales' employment for violation of workplace rules, violation of Ohio law, and "actions that brought discredit" upon DPS.  (Feb. 20, 2015 Application & Mot. to Vacate at ¶ 9.)

{¶ 3}   Pursuant to the terms of the CBA, Gales filed a grievance challenging the nature and merits of his March 13, 2013 termination.  The parties then submitted the matter of Gales' termination to arbitration.  Following a two-day hearing in September 2014, the arbitrator rendered a decision and award dated November 24, 2014 modifying Gales' termination to a one-month suspension without pay.

{¶ 4}   On February 20, 2015, the state filed an "application and motion to vacate arbitration award" in the trial court, arguing the arbitrator exceeded or so imperfectly executed his authority by disregarding applicable Ohio law.  The state further asserted the arbitrator disregarded the plain and unambiguous meaning of the CBA.  Along with its motion to vacate, the state filed the arbitrator's award and the CBA.  FOP responded on March 20, 2015 in an "answer and counterclaim" asserting the trial court should deny the state's motion to vacate and seeking an order (1) confirming the arbitration award, (2) requiring the state to pay Gales any and all back pay and benefits, (3) awarding interest to Gales, and (4) requiring the state to pay all costs.

{¶ 5}   Subsequently, on April 17, 2015, the state filed a document captioned "plaintiffs' motion for summary judgment and opposition to defendant's motion to confirm the arbitration award," along with documents related to the proceedings before the arbitrator.  That same day, the state filed an answer to FOP's counterclaim.

{¶ 6}   In response, FOP filed a memorandum contra the state's motion for summary judgment on April 23, 2015 arguing (1) a motion for summary judgment is not

an allowable filing under Civ.R. 1; (2) the state did not comply with the filing requirements of R.C. Chapter 2711; (3) the state's motion for summary judgment is not a responsive pleading; and (4) the state is attempting to have the trial court retry the merits of the arbitration. The parties agreed to an extension of time, and the state responded with a reply brief on May 14, 2015 in which the state argued that it erroneously captioned its motion as a motion for summary judgment and intended to file a brief in support of its application to vacate the arbitration award.

{¶ 7} On May 19, 2016, the trial court issued a decision and entry denying the state's motion to vacate the arbitration award and granting FOP's motion to confirm the arbitration award. In reaching its decision, the trial court stated "[t]he filings in this matter are procedurally puzzling at best." (May 19, 2016 Decision & Entry at 3.) The trial court referred to the state's initial filing as a motion to vacate but noted it was docketed as a complaint and stylistically looks like a complaint. In considering the state's assertion that the state intended its motion for summary judgment to operate as a brief in support of its application to vacate, the trial court noted the face of the motion for summary judgment states it is a filing pursuant to Civ.R. 56, which deals exclusively with motions for summary judgment. Additionally, the trial court stated that to the extent the state intended the "motion for summary judgment" as an answer brief to FOP's motion to confirm, the filing is untimely pursuant to Loc.R. 21.01 of the Court of Common Pleas of Franklin County, General Division. Thus, the trial court determined the state's filing captioned "motion for summary judgment" was actually a motion for summary judgment and not a memorandum in support of its motion to vacate, making it an improper filing under R.C. Chapter 2711. On those grounds, the trial court stated it would not consider the state's "motion for summary judgment."

{¶ 8} The trial court then turned to the state's motion to vacate and determined the state did not comply with Loc.R. 21.01 because it did not file a brief stating the grounds for its requested relief along with its motion to vacate, finding "[t]his alone is reason to deny the State's motion." (Decision & Entry at 5.) However, the trial court went on to state that even if it were to consider the merits of the state's motion, the state's motion nonetheless fails because the arbitrator did not exceed his authority.

{¶ 9}   As to FOP's motion to confirm, the trial court reiterated that the state did not file its opposition to FOP's motion within 14 days of the date of service as required by Loc.R. 21.01.  The trial court then granted FOP's motion to confirm on the grounds that, pursuant to R.C. 2711.09, the state did not show cause to vacate the arbitration award. Additionally, the trial court stated it was awarding both pre- and postjudgment interest on the back pay due to Gales from November 24, 2014 until the date he is reinstated.  The state timely appeals.

## II.  Assignments of Error

{¶ 10} The state assigns the following errors for our review:

> 1. The Common Pleas Court erred as a matter of law in finding that the State has not complied with the jurisdictional and/or procedural requirements to vacate the arbitration award.
>
> 2. The Common Pleas Court erred as matter of law in confirming the award, failing to vacate the award and in failing to address the substantial grounds upon which the State sought to vacate the arbitration award.
>
> 3. The Common Pleas Court erred as a matter of law when it awarded pre-judgment interest to the Appellee.

## III.  First and Second Assignments of Error – Arbitration Award

{¶ 11} In its first assignment of error, the state argues the trial court erred in determining the state did not comply with the jurisdictional and/or procedural requirements of R.C. Chapter 2711 in order to vacate the arbitration award.  The state argues in its second assignment of error that the trial court erred in failing to vacate the arbitration award on the merits.  In its decision and entry, the trial court stated it was denying the state's motion to vacate the arbitration award on the grounds that (1) the state did not satisfy the jurisdictional and/or procedural requirements of R.C. Chapter 2711, and (2) even if the state's motion and subsequent filings were proper under R.C. Chapter 2711, the motion nonetheless fails on its merits.  Thus, because the state's first two assignments of error address the trial court's alternative bases for denying the state's motion, we address the first two assignments of error jointly.  Taken together, the first two assignments of error assert the trial court erred in denying the state's motion to vacate the arbitration award.

{¶ 12} Generally, an appellate court reviews a trial court's decision denying a motion to vacate an arbitration award under an abuse of discretion standard. *See Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 8; *Buchholz v. West Chester Dental Group*, 12th Dist. No. CA2007-11-292, 2008-Ohio-5299, ¶ 22 ("[a]n appellate court will review the common pleas court's decision to confirm, modify, vacate or enforce the arbitration award based on abuse of discretion"). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, when the appeal presents a question of law, the de novo standard of review is proper. *Licking Hts. Local School Dist.* at ¶ 9, citing *Hudson v. John Hancock Fin. Servs.*, 10th Dist. No. 06AP-1284, 2007-Ohio-6997, ¶ 8 (de novo review appropriate for questions of contract interpretation and statutory interpretation). Accordingly, to the extent the state's first two assignments of error raise issues of statutory application, we will review the trial court's decision de novo. *Id.*

## A. Procedural Issues

{¶ 13} Initially, the state argues the trial court erred when it determined it would not consider the state's "motion for summary judgment" and that the state failed to comply with the applicable statute and local rule. The state asserts the trial court erroneously interpreted R.C. Chapter 2711 to require a brief in support of an application to vacate within three months of the arbitration award.

{¶ 14} "An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11." *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711 (1992). Pursuant to R.C. 2711.13, after an arbitrator makes an award in an arbitration proceeding, "any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Moreover, "the language of R.C. 2711.13 is clear, unmistakable, and, above all, mandatory." *Galion v. Am. Fedn. & Mun. Emps., Local No. 2243*, 71 Ohio St.3d 620, 622 (1995).

{¶ 15} As this court has noted, a motion filed under R.C. Chapter 2711 "is not a full complaint initiating a civil matter." *Geiger v. Morgan Stanley DW, Inc.*, 10th Dist. No.

09AP-608, 2010-Ohio-2850, ¶ 19.   Thus, "the applicable rules in both the local rules and Ohio Rules of Civil Procedure are those pertaining to motions rather than those pertaining to the commencement of an action."  *Reynoldsburg City School Dist. Bd. of Edn. v. Licking Hts. Local School Dist. Bd. of Edn.*, 10th Dist. No. 11AP-173, 2011-Ohio-5063, ¶ 15.  Relying on this language, the trial court determined that even though the state timely filed a motion to vacate, it did not file a memorandum in support as required by Loc.R. 21.01.  The trial court did not agree with the state that its motion for summary judgment could be construed as a memorandum in support of its motion to vacate. Additionally, the trial court determined that to the extent the state intended its motion for summary judgment to operate as a memorandum in opposition to FOP's motion to confirm, the filing was untimely under the local rules.  Loc.R. 21.01 (stating "[a]ll motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon * * * on or before the 14th day after the date of service").

{¶ 16} The state argues the trial court erred in not considering its "motion for summary judgment" based on procedural grounds.  However, we need not determine whether the trial court erred in its application of the procedural requirements of R.C. Chapter 2711 and the relevant local rules to this case because, even if it did, the trial court also decided this case on the alternative basis of the merits of the motion.  Thus, even if we were to agree with the state that the trial court erred in its procedural rulings, our next step would be to review the trial court's disposition of the state's motion to vacate on the merits.  Accordingly, the question before us is whether the trial court erred in denying the state's motion to vacate on the merits and granting FOP's motion to confirm the award.

## B. Merits of the State's Motion to Vacate the Arbitration Award

{¶ 17} "Because Ohio law favors and encourages arbitration, courts only have limited authority to vacate an arbitrator's award."  *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. No. 12AP-451, 2013-Ohio-1057, ¶ 22, citing *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, ¶ 13.  Pursuant to R.C. 2711.10, a court may vacate an arbitration award only on the grounds of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his or her authority.  *Id.*  Here, the state requested

the trial court vacate the award for Gales on the ground that the arbitrator exceeded his authority. R.C. 2711.01(D).

{¶ 18} A reviewing court cannot easily overturn an arbitrator's award. *Fraternal Order of Police Capital City Lodge No. 9* at ¶ 23, citing *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 407 (1992). " 'It is only when the arbitrator has overstepped the bounds of his or her authority that a reviewing court will vacate or modify an award.' " *Id.*, quoting *Queen City Lodge No. 69* at 407. The language of the parties' contract determines the parameters of an arbitrator's authority. *Id.*, citing *State Farm Mut. Ins. Co. v. Blevins*, 49 Ohio St.3d 165 (1990), paragraph one of the syllabus. "An arbitrator exceeds his or her authority in rendering an award if the award does not draw its essence from the collective bargaining agreement." *Id.*, citing *Queen City Lodge No. 69* at 406. Moreover, an arbitrator's award draws its essence from a collective bargaining agreement "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful." *Id.*, citing *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80 (1986), paragraph one of the syllabus.

{¶ 19} In contrast, an arbitrator's award departs from the essence of the collective bargaining agreement when "(1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." *Ohio Office of Collective Bargaining v. Ohio Civil Serv. Emps. Assn., Local 11, AFSCME, AFL-CIO,* 59 Ohio St.3d 177 (1991), syllabus. When the collective bargaining agreement does not give grounds for, make legitimate, or provide justification for the award, then the award lacks rational support. *Fraternal Order of Police Capital City Lodge No. 9* at ¶ 23. Additionally, "[a]n award cannot be rationally derived from the collective bargaining agreement's terms when it cannot be deduced or reasoned from those terms." *Id.*

{¶ 20} DPS terminated Gales, in part, for violating provisions of the Ohio Revised Code related to the sale of automobiles without a license. The state argues the arbitrator exceeded his authority when he construed R.C. 4738.02(B) and 4517.02(A)(6) to allow for an exception for sales of automobiles to family members or to require that the seller make a profit on the vehicle. *See* R.C. 4517.01(O) (defining "casual sale" as "any transfer of a

motor vehicle by a person other than a new motor vehicle dealer"). Article 20.08(4) of the parties' CBA provides that "[t]he arbitrator's decision shall be final and binding * * * provided such decisions conform with the Law of Ohio and do not exceed the jurisdiction or authority of the arbitrator as set forth in this Article." Thus, the state argues that by creating exceptions in the Revised Code that did not exist in the plain language of the statutes, the arbitrator rendered a decision that did not conform with the law of Ohio, in contradiction of the express terms of the CBA.

{¶ 21} After reviewing the record before us, even construing the state's "motion for summary judgment" as a brief in support of its motion to vacate and considering the arguments advanced therein, we agree with the trial court that the state is unable to show that the arbitrator exceeded his authority. The issue before the arbitrator was whether Gales' conduct warranted termination. After taking evidence and hearing arguments from both parties, the arbitrator made the factual determination that Gales' conduct did not rise to the level of requiring termination but did warrant discipline in the form of a one-month suspension without pay.

{¶ 22} "The arbitrator is the final judge of both the law and the facts, and a court may not substitute its judgment for that of the arbitrator." *Fresh Eggs Manager, LLC v. Ohio Fresh Eggs*, 10th Dist. No. 12AP-1074, 2013-Ohio-3454, ¶ 13, citing *Madison Local School Dist. Bd. of Edn. v. OAPSE/AFSCME Local 4*, 11th Dist. No. 2008-L-086, 2009-Ohio-1315, ¶ 9. Though the state may disagree with the arbitrator's interpretation of the applicable law, the arbitrator nonetheless considered and applied the statutes to each of Gales' title transfers, concluding there was not clear and convincing proof that Gales' offenses rise to the level of termination. *Id.* at ¶ 27 ("[w]hile appellants clearly disagree with the arbitrator's conclusions, that is not a valid basis for vacating an arbitration award"). Additionally, the arbitrator went through the various applicable provisions of the CBA and applied the terms of the CBA to the dispute at hand. *Id.* at ¶ 18 (noting that "[a]s long as the arbitrator is arguably construing the contract, the trial court is obliged to affirm its decision"). Therefore, we find the arbitrator did not exceed his authority, and the trial court did not err in denying the state's motion to vacate the arbitration award.

## C. Public Policy

{¶ 23} The state additionally argues that the arbitrator's award violates public policy and, thus, this court must vacate it.  We disagree.

{¶ 24} "If the arbitrator's interpretation of a collective bargaining agreement violates an explicit public policy, the resulting award is unenforceable."  *Fraternal Order of Police Capital City Lodge No. 9* at ¶ 34, citing *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 112 (2001).  "The public policy must be well defined and dominant, and must be ascertained ' "by reference to the laws and legal precedents and not from general considerations of supposed public interests." ' "  *Id.*, quoting *Southwest Ohio Regional Transit Auth.* at 112, quoting *Muschany v. United States*, 324 U.S. 49, 66 (1945).  "Vacating an arbitration award for public policy reasons is a narrow exception to the 'hands off' policy that courts employ in reviewing arbitration awards and ' "does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy." ' "  *Id.*, quoting *Southwest Ohio Regional Transit Auth.* at 112, quoting *United Paperworkers Internatl. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 43 (1987).

{¶ 25} Here, the state argues the arbitrator's award violates the "settled public policy * * * that police officers are held to a higher standard of conduct than the general public." (Citations omitted.)  *Jones v. Franklin Cty. Sherriff*, 52 Ohio St.3d 40, 43 (1990).  We note, however, that *Jones* involved an appeal to the State Personnel Board of Review and not an arbitration award under a collective bargaining agreement.  Moreover, though the arbitrator reversed Gales' termination, the arbitrator nonetheless disciplined Gales in the form of a one-month suspension without pay.  The state does not point to any authority requiring termination of a law enforcement officer rather than suspension for similar conduct, nor does the state demonstrate whether Gales was or was not held to a higher standard than a member of the general public engaging in the same conduct.  Thus, the arbitrator's award was not in violation of public policy.

{¶ 26} Having concluded the trial court did not err in denying the state's motion to vacate the arbitration award, we overrule the state's first and second assignments of error.

## IV.  Third Assignment of Error – Prejudgment Interest

{¶ 27} In its third and final assignment of error, the state argues the trial court erred as a matter of law when it awarded Gales prejudgment interest.

{¶ 28} " 'R.C. 1343.03(A) establishes interest rates for both prejudgment and post-judgment interest in actions based on contract.' " *Licking Hts. Local School Dist.* at ¶ 25, quoting *Rutledge v. Lilley*, 9th Dist. No. 09CA009691, 2010-Ohio-2275, ¶ 10.  In denying the state's motion to vacate and granting FOP's motion to confirm the arbitration award, the trial court awarded both pre- and postjudgment interest on the back pay due to Gales at the statutory rate under R.C. 1343.03 from November 24, 2014 until the date DPS reinstates Gales to his position.  The state asserts, however, that, as a matter of law, a court cannot assess *prejudgment* interest against the state.  *Judy v. Ohio Bur. of Motor Vehicles*, 100 Ohio St.3d 122, 2003-Ohio-5277, ¶ 30.  However, the state concedes that both the relevant case law and applicable statutes expressly permit an assessment of *postjudgment* interest against the state.  *Id.* at ¶ 31-33 ("the state is liable for postjudgment interest under R.C. 1343.03").  The issue on appeal, then, is from what date was there a "judgment" in order to calculate the assessment of postjudgment interest.

{¶ 29} The trial court found Gales was entitled to interest on the arbitration award from November 24, 2014, the date of the arbitrator's decision.  " 'The purpose of postjudgment interest awards is to guarantee a successful plaintiff that the judgment will be paid promptly, and to prevent a judgment debtor from profiting  by withholding money belonging to the plaintiff.' "  *Licking Hts. Local School Dist. Bd. of Edn.* at ¶ 27, quoting *Lovewell v. Physicians Ins. Co. of Ohio*, 79 Ohio St.3d 143, 147 (1997).  "By comparison, the purpose of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment."  *Id.*, citing *Eckel v. Bowling Green State Univ.*, 10th Dist. No. 11AP-781, 2012-Ohio-3164.

{¶ 30} This court has previously determined that where a trial court does not specify whether it was awarding pre- or postjudgment interest but awards interest as of the date of the arbitration award, "it is clear that the award was of postjudgment interest." *Licking Hts. Local School Dist. Bd. of Edn.* at ¶ 27.  We reasoned in *Licking Hts. Local School Dist. Bd. of Edn.* that the date of the arbitration award is the date of the "judgment" because a party to arbitration is "not legally obligated to seek confirmation of

the arbitration award." *Id.* at ¶ 32. Thus, although the trial court here erroneously stated it was awarding both pre- and postjudgment interest, by dating the interest from the date of the arbitrator's award, we conclude the trial court's award of interest, as in *Licking Hts. Local School Dist. Bd. of Edn.*, was actually an award of postjudgment interest. Thus, the trial court did not err in awarding interest from November 24, 2014, the date of the arbitrator's award. Accordingly, we overrule the state's third and final assignment of error.

## V. Disposition

{¶ 31} Based on the foregoing reasons, the trial court did not err in denying the state's motion to vacate the arbitration award or in awarding interest from the date of the arbitrator's award. Having overruled the state's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and KLATT, J., concur.