LYNCH, APPELLEE, *v.* HALCOMB, APPELLANT.

(No. CA83-08-086—Decided May 21, 1984.)

*Mr. James R. Hartke,* for appellee.

*Messrs. Cornett & Fiktus, Mr. Jack Cornett* and *Mr. Richard D. Fiktus,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County, Ohio.

In March 1979, plaintiff-appellee, Betty Lynch, contacted defendant-appellant, real estate agent Billy G. Halcomb, and signed an agreement whereby appellant would exclusively represent appellee in the sale of certain real property. When appellant subsequently discovered that appellee's property was located in Indiana and not in Ohio, appellant was forced to resign as appellee's agent because he was not licensed to sell real estate in Indiana. In April 1979, the parties reached an agreement whereby appellant personally purchased a portion of the property offered for sale by appellee and appellee purchased from appellant certain real estate located on Meadow Drive in Hamilton, Ohio.

Appellee filed suit on December 15, 1981, in the Court of Common Pleas of Butler County, charging appellant with one count of fraud in the inducement to sell the property located in Indiana, and one count of fraud in the inducement to buy the property located on Meadow Drive in Hamilton. By agreement of the parties, the dispute was referred to binding arbitration. After a hearing held on May 11, 1983, the panel of arbiters rendered a decision in favor of appellee and awarded appellee $7,900. A judgment on the award was entered by the court on July 14, 1983. It is from that entry that appellant has timely filed the instant appeal alleging the following single assignment of error:

"The judgment rendered by the three-attorney arbitration panel, under binding arbitration, is in error as a matter of law because it is not supported by the manifest weight of the evidence and the plaintiff failed to prove her case by a preponderance of the evidence."

As the appeal now before us has been taken from a binding arbitration proceeding, it may be considered only in the manner permitted by the various rules and statutes governing appeal of such proceedings. Rule 4.02(e) of the Rules of Court of the General Division of the Butler County Court of Common Pleas states that appeals to the common pleas court from awards rendered in a binding arbitration proceeding "shall be limited to questions of law as set forth in Revised Code Sections 2711.01 through 2711.20 [*sic*], inclusive * * *." We therefore assume that further appeal from the arbitration proceeding to this court must also be governed by R.C. 2711.01 *et seq.*

R.C. 2711.10 and 2711.11 describe the circumstances under which the common pleas court may vacate (R.C. 2711.10) or modify (R.C. 2711.11) an arbitration award. Such award may not be modified or vacated based on the merits of the dispute unless there is evidence of fraud, corruption, or material mistake. See, also, *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516 [71 O.O.2d 509], certiorari denied (1975), 423 U.S. 986. On appellate review, this court is confined to an evaluation of the order issued by the court of common pleas pursuant to R.C. Chapter 2711; we also may not pass upon the substantive merits of the arbitration award absent evidence of material mistake or extensive impropriety. See *Lockhart* v. *American Res. Co.* (1981), 2 Ohio App. 3d 99.

Appellant's assignment of error would have us evaluate the arbitration award below in terms of the weight of the evidence. No misconduct, undue influence, corruption, material miscalculation, or other form of impropriety is alleged. Clearly, based on the authorities cited above, this court has no power to grant the relief requested by appellant in his assignment of error. Accordingly, the instant appeal must be dismissed for lack of subject matter jurisdiction.

It is the order of this court that the appeal is dismissed.

*Appeal dismissed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.