JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
 {¶ 2} Plaintiff-appellant, Prim Capital Corporation ("Prim Capital"), appeals the judgment of the common pleas court granting defendant-appellee's, Sharon Huelsman, motion for an award confirming an arbitration award, and denying Prim Capital's application to vacate the arbitration award. For the reasons which will be discussed below, we affirm the trial court's judgment.
 {¶ 3} The record before us demonstrates that on October 29, 2002, Ms. Huelsman initiated a claim against Prim Capital, among others, relative to losses she allegedly suffered as a result of securities investments made by Prim Capital on her behalf. Pursuant to contractual agreement, any disputes were required to be resolved through arbitration. Hence, after Ms. Huelsman's claim was filed, an arbitration panel was selected and the matter was scheduled to be arbitrated on January 12 and January 13, 2004.
 {¶ 4} On November 24, 2003, attorney Karl May, counsel for Prim Capital, withdrew his representation in this matter. Thereafter, on December 10, 2003, attorney Demetrios P. Koutrodimos, in-house counsel for Prim Capital, requested a postponement of the January 12 and January 13, 2004, arbitration hearings. On December 23, 2003, Prim Capital's request for postponement was denied by the arbitration panel.
 {¶ 5} The following day, December 24, 2003, attorney Koutrodimos sought reconsideration of the arbitrator's denial of his previous request for a postponement of the arbitration hearing. Said reconsideration was denied by the arbitration panel on January 2, 2004.
 {¶ 6} Thereafter, Prim Capital retained two attorneys, Sam Zingale and Van Carter, who represented Prim Capital at the arbitration hearings, which went forward as scheduled. The arbitration panel awarded a judgment in favor of Ms. Huelsman and against Prim Capital in the amount of $50,000. Subsequently, Prim Capital filed with the trial court a motion to vacate the arbitration award, while Ms. Hueslman filed a motion to confirm the arbitration award. The court denied Prim Capital's motion and granted Ms. Hueslman's motion. It is from that judgment that Prim Capital now appeals, alleging that the trial court erred by denying its motion. We disagree.
 {¶ 7} At the outset, we must note that it has long been the policy of the law to favor and encourage arbitration. Mahoning Cty. Bd. of MentalRetardation v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84,488 N.E.2d 872. As such, arbitration awards are generally presumed valid. Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.
(1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186. "It has [also] been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable." Goodyear Tire Rubber v. Local Union No.200 United Rubber (1975), 42 Ohio St.2d 516, 522.
 {¶ 8} Hence, the scope of a judicial review of a binding arbitration proceedings is limited. Id. Absent any evidence of material mistake or extensive impropriety, an appellate court cannot extend its review to the substantive merits of the award but is limited to a review of the trial court's order. Lynch v. Halcomb (1984), 16 Ohio App.3d 223, 224,475 N.E.2d 181.
 {¶ 9} A trial court's review is similarly limited. A trial court can vacate an arbitration award only if:
 {¶ 10} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 11} "(B) There was evidence [of] partiality or corruption on the part of the arbitrators, or any of [the parties].
 {¶ 12} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 13} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10.
 {¶ 14} Thus, it is with this standard that we consider appellant's sole assignment of error.
 {¶ 15} Prim Capital's assignment of error, in essence, claims that the trial court erred in affirming the arbitrator's award. Prim Capital argues in particular that the arbitration panel was guilty of misconduct in refusing to postpone the January 12 and January 13, 2004, hearing dates. As a result, Prim Capital maintains that it was "severely prejudiced" because it did not have adequate time to retain counsel and prepare accordingly.
 {¶ 16} Based upon the record before us, we find that Prim Capital has failed to demonstrate that the trial court abused its discretion in denying its motion to vacate the arbitration award. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 17} While we do not doubt the efforts, as set forth by Prim Capital, that attorneys Zingale and Carter had to go through in order to be prepared for the hearings, Prim Capital failed to produce evidence for the trial court's review showing that it actually was unprepared at the hearings, and thus, "severely prejudiced." In addition to the lack of any such evidence, the evidence that was before the trial court showed that Prim Capital had two attorneys present on its behalf at the arbitration hearing, and that said counsel never objected at that time to the hearings going forward, and in fact, indicated at the conclusion of the hearings that it believed it had a full and fair opportunity to be heard.
 {¶ 18} On the basis of such evidence, we do not find the trial court's decision was unreasonable, arbitrary, or unconscionable. As such, appellant's sole assignment of error is overruled.
It is ordered that Appellee recover of Appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. Itis ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., Concur.