MILLER et al., Appellants,

v.

MANAGEMENT RECRUITERS INTERNATIONAL, INC., Appellee.

[Cite as *Miller v. Mgt. Recruiters Internatl., Inc.*, 180 Ohio App.3d 645, 2009-Ohio-236.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91114.

Decided Jan. 22, 2009.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Thomas R. Brule, and Edward J. Stoll Jr., for appellants.

Reminger & Reminger Co., L.P.A., Roy Hulme, and Holly Marie Wilson, for appellee.

———

PATRICIA ANN BLACKMON, Judge.

{¶ 1} Appellants, Andrew Miller and BrainWorks, Inc. (collectively referred to as "Miller"), appeal the trial court's adoption of the arbitration award. They set forth the following errors for our review:

I. The trial court erred in confirming the arbitration award in favor of defendant-appellee Management Recruiters International, Inc.

II. The trial court erred in denying plaintiffs-appellants' motion to vacate, modify, or amend the arbitration in favor of defendant-appellee Management Recruiters International, Inc.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

*Factual Background*

{¶ 3} On October 1, 1991, Management Recruiters International, Inc. ("MRI") entered into a franchise agreement with Miller for the operation of a personnel-placement-service franchise. The franchise agreement contained an arbitration provision requiring all controversies, claims, disputes, and matters in question arising out of or relating to the agreement to be arbitrated. The effect and validity of the clause are not in dispute.

{¶ 4} In Miller's filed arbitration demand, he requested the following: an award that would terminate the franchise agreement; consequently, resulting in a determination that MRI breached the franchise agreement; and therefore, a determination that Miller was not liable for the duration of the agreement for royalties or advertising fees. MRI answered and counterclaimed by opposing Miller's request and asked for attorney fees and costs.

{¶ 5} After three years of discovery, the matter was heard by the arbitrator at a full hearing.[1] Additionally, the parties submitted post-briefs; thereafter, the arbitrator issued an award in favor of MRI.

{¶ 6} Miller filed an application to vacate or modify the arbitration award with the Cuyahoga County Court of Common Pleas, alleging numerous reasons the award was improper and requested a full trial on the merits. Miller argued that the arbitrator was biased because he had failed to disclose the fact that he had represented a defendant in an unrelated collection action filed by another attorney from the plaintiffs' attorney's firm; Miller also disagreed with the arbitrator's findings of fact and conclusions of law. MRI opposed the motion. The trial court confirmed the arbitration award.

### Standard of Review

{¶ 7} A common pleas court's review of an arbitration decision is narrow.[2] The court may not review the merits of an arbitration award and can set aside an arbitration award only if the party attempting to set aside the award is able to establish that the award is defective in a manner recognized by R.C. Chapter 2711.10.[3]

{¶ 8} R.C. 2711.10 provides that the trial court may vacate an arbitrator's award if (1) the award was procured by corruption, fraud, or undue means; (2) there is evident partiality or corruption on the part of the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers or so

---

1. A transcript of the arbitration hearing was not provided for our review.

2. *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703; *Huber Hts. v. Fraternal Order of Police* (1991), 73 Ohio App.3d 68, 596 N.E.2d 571.

3. *Hillsboro v. Fraternal Order of Police* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186; *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456; see also *Findlay Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186; *State Farm Mut. Ins. Co. v. Blevins* (1990), 49 Ohio St.3d 165, 551 N.E.2d 955; *Huber Hts.*, 73 Ohio App.3d 68, 596 N.E.2d 571.

imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

**■** {¶ 9} Our review of the common pleas court's judgment is likewise limited.

Appellate review of arbitration proceedings is confined to an evaluation of the order issued by the court of common pleas, pursuant to R.C. Chapter 2711. The substantive merits of the original arbitration award are not reviewable on appeal absent evidence of material mistake or extensive impropriety.[4]

**■** {¶ 10} Thus, an appellate court may reverse only upon finding that the trial court acted in an unreasonable, arbitrary, or unconscionable manner in rendering its decision. It is with the above standards in mind that we review Miller's arguments.

### *Arbitrator Biased*

**■** {¶ 11} In his first assigned error, Miller argues that the trial court erred by failing to vacate the arbitrator's award because the arbitrator failed to disclose that he represented a client in a unrelated collection case in which the opposing counsel was an attorney from the firm representing Miller. He contends that this alone indicates that the arbitrator was biased. We disagree.

{¶ 12} Miller argues that pursuant to the American Arbitration Association ("AAA") rules, an arbitrator has a duty to disclose circumstances that would affect his or her impartiality or independence.

**■■** {¶ 13} These include "any past or present relationship with the parties or their representatives."[5] By failing to comply with this rule concerning disclosure, Miller contends that the arbitrator's award should be vacated. However, a violation of the AAA disclosure rule is not enough to require the vacating of the award. This court has held that "the arbitration rules and code do not have the force of law" and that only the reasons set forth under statutory law are a basis for vacating the award.[6] Case law interpreting the statutes have concluded that more than an appearance of partiality is required. Direct evidence that the arbitrator was biased must be shown.

---

4. *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 16 OBR 238, 475 N.E.2d 181, paragraph two of the syllabus.

5. AAA Rules at 16.

6. *Gerl Constr. Co. v. Medina Cty. Bd. of Comm.* (1985), 24 Ohio App.3d 59, 24 OBR 113, 493 N.E.2d 270, citing *Merit Ins. Co. v. Leatherby Ins. Co.* (C.A.7, 1983), 714 F.2d 673.

{¶ 14} In *King v. Sentry Claims Serv.*,[7] we upheld an arbitrator's award even though he had failed to disclose that he had filed a complaint in a separate suit against the plaintiff. We concluded that when "there is no direct or definitive evidence that the arbitrator did not act with complete impartiality," the award should be upheld. Likewise, in *Gerl Constr.*,[8] we upheld an arbitration award in favor of Medina when one of the arbitrators was president of a company that had received a $40,000 subcontract for a Medina County project. We concluded that "the interest of the arbitrator was too remote and contingent to induce any reasonable suspicion that it could have influenced his decision."[9] The project was unrelated to the issue being arbitrated, and there was no direct contractual relationship between the arbitrator and Medina.

{¶ 15} More recently, in *Frisch's Restaurants, Inc. v. Fortney & Weygandt, Inc.*,[10] this court refused to vacate the trial court's confirmation of an award when the arbitrator had failed to disclose that he had received referrals from one attorney of the party. We noted that there was no relation between the issue being arbitrated and the referred matters; there was also no direct evidence of bias or partiality by the arbitrator.

{¶ 16} In the instant case, the collection case that the arbitrator was involved with did not even concern Miller. Additionally, although the relationship between the two attorneys in that case was acrimonious, the attorney for opposing counsel was not the attorney representing Miller. He was simply from the same firm. As the court in *Gerl* held:

> While the case law indicates that an undisclosed relationship between an arbitrator and a nonparty may be sufficient to create an impression of bias, the nexus between the nonparty and the arbitration must be substantial in order to reasonably create such an impression. However, in the final analysis, these matters must be decided on a case-by-case basis.[11]

{¶ 17} We conclude that the nexus between the arbitrator and the attorney from Miller's attorney's firm does not rise to the requisite standard of substantiality. The link between the arbitrator and another attorney from Miller's counsel's firm is too tenuous to prove that the arbitrator was partial.

---

7.  (1991), 71 Ohio App.3d 701, 595 N.E.2d 380.

8.  24 Ohio App.3d 59, 24 OBR 113, 493 N.E.2d 270.

9.  Id. at 61–63, 24 OBR 113, 493 N.E.2d 270.

10.  Cuyahoga App. No. 89802, 2008-Ohio-4121, 2008 WL 3586901.

11.  *Gerl*, 24 Ohio App.3d 59, 24 OBR 113, 493 N.E.2d 270, paragraph three of the syllabus.

{¶ 18} Additionally, Miller failed to provide direct evidence that the arbitrator was partial or biased. Miller's attorney should have requested discovery on the matter, or at least should have provided an affidavit by the attorney involved in the prior case. Thus, we conclude that the trial court did not abuse its discretion by refusing to vacate the award based on the arbitrator's failure to disclose his relationship with a member of opposing counsel's firm. Accordingly, Miller's first assigned error is overruled.

### Failure to Modify Award

{¶ 19} In his second assigned error, Miller alleges that the trial court erred by failing to modify the arbitration award. He asserts several grounds in support of this argument.

{¶ 20} Before addressing his concerns, we note that R.C. 2711.11 permits the trial court to modify arbitration awards only under certain circumstances. R.C. 2711.11 provides:

> In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
> (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
> (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
> (C) The award is imperfect in matter of form not affecting the merits of the controversy.
> The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

{¶ 21} While R.C. 2711.11 allows appeals from arbitration awards, judicial review of an arbitrator's decision is still limited. A trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. 2711.11.[12] In turn, our review of the trial court's decision confirming arbitration is conducted under an abuse of discretion standard.[13]

{¶ 22} Miller argues that the arbitration award contains material mistakes because (1) the arbitrator should have found that a material breach occurred; (2)

---

12. *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.* (1994), 98 Ohio App.3d 45, 51, 647 N.E.2d 844.

13. Id.

the arbitrator should have found that MRI did not have standing because of certain transactions in relation to its trademark; (3) the arbitrator should not have concluded that if Miller stays in business, he should adhere to the franchise agreement by paying future royalties that come due; (4) the arbitrator should have ignored the attorney-fee provision in the franchise agreement; and, (5) the arbitrator should have interpreted the Business Opportunity Act differently and applied it differently to the facts he found, which were different from Miller's version of the facts.

{¶ 23} Miller failed to provide this court and the trial court a transcript of the hearing. Therefore, we have no way to determine whether Miller's arguments have any merit. As we held in *Marra Constr., Inc. v. Cleveland Metroparks Sys.*:[14]

> As noted above, the parties failed to provide the common pleas court or this court of appeals with a verbatim transcript or other complete record of the evidence presented during arbitration proceedings to support their respective arguments. The transcript of the hearing conducted by the common pleas court on the parties' respective motions to confirm and/or vacate the award reveals the hearing was limited to legal arguments by the parties and did not recite the evidence presented during the arbitration proceedings.
>
> It is well established that absent an adequate record exemplifying a party's claims of error in this context an appellate court must presume regularity of the arbitration proceedings and the resulting arbitration award. *Cleveland Asbestos Abatement v. Parma City School Dist.* (Jan. 30, 1992), Cuyahoga App. No. 59706, unreported[, 1992 WL 14398]; *F.S.N.O., Inc. v. Heintz* (Sept. 6, 1990), Cuyahoga App. No. 59163, unreported[, 1990 WL 127927]; *Nelson Harris & Assoc. v. Ameritrust Co., N.A.* (Mar. 1, 1990), Cuyahoga App. No. 56643, unreported[, 1990 WL 19123]; *Hochwalt v. Rosser* (1970), 28 Ohio Misc. 253, 57 O.O.2d 490, 271 N.E.2d 325. Accordingly, under the circumstances, Metroparks has failed to demonstrate the arbitrator exceeded his authority pursuant to R.C. 2711.10(D) when rendering the arbitration award or the common pleas court erred in confirming the arbitration award in the case sub judice.

{¶ 24} Thus, without the benefit of a transcript of the hearing, we cannot conclude that the trial court erred by refusing to modify or vacate the arbitrator's award.

{¶ 25} For instance, Miller argues that the arbitrator's calculation error is apparent on the face of the award, because the arbitrator found that a set off

---

14. (1993), 82 Ohio App.3d 557, 612 N.E.2d 806.

should be applied to the MRI's award, yet he did not deduct this amount. However, MRI argues that the arbitrator's award includes the deducted amount, even though the arbitrator failed to include how it arrived at the amount. Because the trial court did not have a transcript, it had no way of knowing how the arbitrator calculated the award or what figures were presented to the arbitrator as evidence of damages; therefore, we cannot conclude that the trial court erred by failing to conclude that the arbitrator incorrectly calculated the award.

{¶ 26} Likewise, Miller's argument that the arbitrator erred by not concluding that MRI's actions constituted a material breach, applied the wrong statute in interpreting the arguments related to the breach of a franchise agreement, and erred by requiring Miller to continue to pay future royalties pursuant to the contract are issues that cannot be resolved by the courts. Any error that the arbitrator may have made in deciding these issues could not be corrected without the trial court's engaging in fact-finding; thus, these requested modifications do not fall within the perimeters of R.C. 2711.11.[15]

{¶ 27} Moreover, it is the law in Ohio that "[w]hen disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. * * * If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided the legal or factual issues, no arbitration would be binding."[16]

{¶ 28} Finally, Miller requests that the trial court erred by refusing to vacate the arbitration award on public policy grounds based on the fact that a franchisor and franchisee are not in equal bargaining positions and MRI failed to fill out the franchise agreement in its entirety. However, "R.C. 2711.10 does not [authorize] reviewing courts to vacate an arbitration award based on an alleged public policy violation."[17] Accordingly, we conclude that the trial court did not abuse its discretion by confirming the arbitrator's award. Miller's second assigned error is overruled.

Judgment affirmed.

ROCCO, P.J., and CELEBREZZE, J., concur.

---

15. *Telle v. Estate of Soroka,* 10th Dist. No. 08AP–272, 2008-Ohio-4902, 2008 WL 4368567; *Robert W. Setterlin & Sons v. N. Mkt. Dev. Auth. Inc.* (Dec. 30, 1999), 10th Dist. No. 99AP–141, 1999 WL 1267340; *Rathweg Ins. Assoc. v. First Ins. Agency Corp.* (Aug. 18, 1992), 2nd Dist. No. 13184, 1992 WL 206764.

16. *Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 63, 15 OBR 90, 472 N.E.2d 740.

17. *Univ. Mednet v. Blue Cross & Blue Shield of Ohio* (1997), 126 Ohio App.3d 219, 710 N.E.2d 279.