[Cite as *Adams Cty./Ohio Valley Local School v. OAPSE/AFSCME, Local 572*, 2017-Ohio-6929.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| ADAMS COUNTY/OHIO VALLEY LOCAL SCHOOL, | : | Case No. 16CA1034 |
| Plaintiff-Appellee, | : | |
| v. | : | |
| OAPSE/AFSCME, LOCAL 572, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED: 07/13/2017 |

<u>APPEARANCES</u>:

C. Bronston McCord, III, Ennis Britton, Cincinnati, Ohio for Appellant.

Kristen E. McKinley, Ohio Association of Public School Employees, Columbus, Ohio for Appellee.

Hoover, J.

{¶1} Defendant-Appellant, Ohio Association of Public School Employees, AFSCME, Local 572 ("the Union") appeals the judgment of the Adams County Court of Common Pleas granting a motion to vacate an arbitration award filed by Plaintiff-Appellee, Adams County/Ohio Valley Local School ("the Board") and denying the Union's application to confirm an arbitration award. On appeal, the Union argues that the trial court erred in substituting its judgment and findings for that of the arbitrator.

{¶2} Here, the Union had applied to the trial court for an order confirming the award. Under R.C. 2711.09, a trial court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

{¶3} An award can be vacated only if (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption on the part of the arbitrators, or any of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. R.C. 2711.10.

{¶4} In the case sub judice, the record does not demonstrate that the trial court considered R.C. 2711.10 in vacating the arbitration award. Instead, the trial court independently reviewed the merits of the dispute as presented to the arbitrator and concluded that it had not been established by a preponderance of the evidence that the Board violated the parties' underlying agreement. "Such a review exceeds the scope of the trial court's authority." *Jackson City, Ohio Sheriff v. The Fraternal Order of Police Ohio Labor Council, Inc*., 4th Dist. Jackson No. 02CA15, 2004-Ohio-3535, ¶ 17, citing *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627,* 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001).

{¶5} The trial court performed its own independent analysis of the issues involved in the case; and it decided that the award should be vacated. However, the trial court failed to apply R.C. 2711.10 when considering whether the arbitration award should be vacated. This exceeds the scope of the trial court's authority. Consequently, we sustain the Union's assignment of error.

{¶6} Accordingly, we reverse the judgment of the trial court and remand the matter for the trial court to review the arbitration award applying the provisions set forth in Chapter 2711 of the Revised Code.

### I. Facts and Procedural History

{¶7} The Union and the Board were parties to a collective bargaining agreement ("the CBA") effective from October 1, 2013 through September 30, 2016. The CBA outlined the terms and conditions of employment for school employees who were part of the bargaining unit.

{¶8} In January 2015, the Union filed a grievance with the Board alleging that the Board violated the CBA when it subcontracted the job of salting and plowing its parking lots to an outside contractor and removed this work from the bargaining unit employees who usually performed it. The grievance was eventually submitted to arbitration pursuant to the CBA.

{¶9} On June 23, 2015, an evidentiary hearing was held. The Union argued that the Board violated the CBA by contracting out bargaining unit work, relying on the Board's job description for custodians and testimony regarding the work that was customarily performed by custodians. The Board argued that it could subcontract out bargaining unit work under Article 30A of the CBA and that a similar issue had already been decided in a prior arbitration in the Board's favor.

{¶10} On October 13, 2015, the arbitrator sustained the Union's grievance. The arbitrator found that Article 30A of the CBA did not authorize the Board to subcontract out bargaining unit work to the extent that it did during the 2014-2015 school year. It explained,

> This dispute involves the contracting out of work for the 2014-2015 winter months of the school year which falls within the Custodians' "Performance Responsibilities", set forth in the Board's job description. Such "performance Responsibilities" include the following: "19. Shovels, plows, and/or treats icy walkways, driveways, parking areas, and steps, as needed."
>
> * * *

Pursuant to Article 30A, the parties expressly agreed to a prohibition on performing bargaining unit work by a supervisor or administrative employee, except in an emergency. No emergency existed in this case. However, such an express prohibition does not mean that the Board is free to contract out work to an outside contractor to the extent that it did so.

* * *

In other words, if the Board's position is upheld, the Board may contract out work with impunity so long as the work is not performed by a supervisor or administrative employee. If the Board's position is upheld, not only would the seniority clause be undermined, it would also undercut the clauses providing for wages and recognition in the CBA. The Board's position cannot be sustained.

(Docket No. 1, Ex. C, p. 7-9).

{¶11} It further concluded that this issue had not been decided in a prior arbitration in the Board's favor. It explained,

It is well established that prior labor arbitration awards which interpret existing terms of an Agreement between the same parties are not binding in exactly the same sense that authoritative legal decisions are; yet they may have a force that can be fairly characterized as authoritative. *How Arbitration Works*, at page 11-7. In this connection, the Board claims that a decision issued by Arbitrator Phyllis E. Florman on February 28, 2012 is binding upon the Arbitrator.

I disagree with the Board's position on this aspect of the dispute between the parties. The issue which Arbitrator Florman resolved is "Whether the Board

violated the Agreement when it created the position of EMIS Coordinator as a non-bargaining unit position? If so, what is the appropriate remedy?"

* * *

The Union grieved the creation of the EMIS Coordinator as a non-bargaining unit position. The Union claimed various violations of the Agreement, but not the violation of Article 30A which is at issue in this case.

In *How Arbitration Works*, the following is stated: "Any well-reasoned and well-written prior arbitration opinion has persuasive qualities where it is 'on point with the subject matter of a current grievance'; however, to be given preclusive effect it must be between the same parties, must invoke the same fact situation, must pertain to the same contractual provisions, must be supported by the same evidence, and must concern an interpretation of the specific agreement before the arbitrator." At page 11-9.

In light of the aforementioned factors, it is sufficient to state that the Florman decision has no preclusive effect in this case; clearly, it is not entitled to any weight.

(*Id*. at p. 15-17).

{¶12} On January 8, 2016, the Board moved to vacate the award under R.C. 2711.10(D), arguing that the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Specifically, the Board argued that the arbitrator's decision (1) ignored clear precedent from a prior arbitration decision that authorizes the Board's actions; (2) could not rationally be derived from the CBA because it was based on implication and inference; and (3) added requirements to the CBA that

did not exist in the language of the CBA. The Union responded by filing a memorandum in opposition, as well as an application to confirm the award.

{¶13} On October 11, 2016, the trial court denied the Union's application to confirm the award and granted the Board's motion to vacate the award. It explained, in part:

> Arbitrator Cohen found that a previous Arbitration Award and decision by Arbitrator Phyllis E. Florman on February 28, 2012 involving the same parties (i.e., the Board and the Union) had no preclusive effect in this case, that her decision was not binding, and that it was not entitled to any weight. The Florman decision involved the Board's creation of an EMIS Coordinator position as a non-bargaining unit position. In the Florman decision, the Union did not grieve Article 30A as a specific Agreement violation ground. In our case, Arbitrator Cohen relied in significant part upon "How Arbitration Works", page 11-9, in distinguishing our case from the Florman case. Upon this Court's review of both the Florman case and our case, the Court finds that the Florman decision is both authoritative and persuasive, although not given preclusive or binding effect. While Article 30 A is involved in our case, its failure to be asserted in the Florman case does not render Florman's decision to be without some weight.

> However, this Court is performing its own independent analysis of the issues involved in our case. The Court finds that Article 30 A has not been violated by the Board, in that the third party contractor * * * to whom the contract was awarded, is not a supervisory or administrative employee.

> * * *

It has not been established by the requisite preponderance of the evidence

that the Board violated the [CBA]. Accordingly pursuant to O.R.C. 2117.10,

Arbitrator Cohen's October 13, 2015 Arbitrator's Opinion and Award is hereby

vacated in its entirety. * * *

(Docket No. 15, p. 2).

{¶14} The Union timely appealed.

## II. Assignment of Error

{¶15} The Union assigns the following sole assignment of error for our review:

Assignment of Error:

THE TRIAL COURT ERRED WHEN IT SUBSTITUTED ITS OWN
ANALYSIS AND JUDGMENT FOR THAT OF THE
ARBITRATOR IN GRANTING PLAINTIFF-APPELLEE, ADAMS
COUNTY/OHIO VALLEY LOCAL SCHOOL DISTRICT BOARD OF
EDUCATION'S MOTION TO VACATE ARBITRATION AWARD.

## III. Analysis

### A. Standard of Review

{¶16} There is some disagreement between Ohio appellate courts as to the appropriate

standard of review for a decision affirming, modifying, correcting or vacating an arbitration

award. Some districts apply an abuse-of-discretion standard. *Cleveland State Univ. v. Fraternal*

*Order of Police, Ohio Labor Council, Inc.*, 2015-Ohio-4772, 50 N.E.3d 285, ¶ 12 (8th Dist.)

("Appellate review of a trial court's decision confirming an arbitration award is conducted under

an abuse of discretion standard."); *Buchholz v. W. Chester Dental Group*, 12th Dist. Butler No.

CA2007-11-292, 2008-Ohio-5299, ¶ 22 ("An appellate court will review the common pleas

court's decision to confirm, modify, vacate or enforce the arbitration award based on abuse of

discretion."); *see also State, Dept. of Adm. Services, Office of Collective Bargaining v. Fraternal*

*Order of Police of Ohio, Ohio Labor Council, Inc.*, 2017-Ohio-1382, 8252, __N.E.3d __, ¶ 12 (10th Dist.) ("Generally, an appellate court reviews a trial court's decision denying a motion to vacate an arbitration award under an abuse of discretion standard. * * * However, when the appeal presents a question of law, the de novo standard of review is proper.)

{¶17} Other districts apply a de novo standard, reviewing a confirmation decision only to see if the trial court erred as a matter of law. *See, e.g.*, *Portage City Bd. of Dev. Disabilities v. Portage City Educators' Assn. for Dev. Disabilities*, 2017-Ohio-888, __N.E.3d __, ¶ 13 (11th Dist.) ("[W]e review the trial court's decision de novo to determine whether any of the limited grounds contained in R.C. 2711.10 regarding a motion to vacate exist."); *Kettering Health Network v. CareSource*, 2d Dist. Montgomery No. 27233, 2017-Ohio-1193, ¶ 10 ("This court * * * reviews a decision confirming an arbitration award de novo, asking "whether the trial court erred as a matter of law." "); *Northwest State Community College v. Northwest State Community College Edn. Assn. OEA/NEA*, 2016-Ohio-8393, __ N.E.3d __, ¶ 33 (3d. Dist.) ("Although there are strict measures in place to review the award of arbitration by the trial court, and great deference is given to the arbitration process, we review the trial court's decision to affirm or vacate an arbitrator's award de novo."); *Lauro v. Twinsburg*, 9th Dist. Summit No. 23711, 2007–Ohio–6613, ¶ 7 ("[A]n appellate court may only review the lower court's order to discern whether an error occurred as a matter of law."); *Bowden v. Weickert*, 6th Dist. Sandusky No. S–05–009, 2006–Ohio–471, ¶ 51 ("The standard of review to be employed on appeal is whether the lower court erred as a matter of law in confirming the arbitration award.").

{¶18} We too apply a de novo standard of review. *Ohio Sheriff v. The Fraternal Order of Police, Ohio Labor Council, Inc.*, 4th Dist. Jackson No. 02CA15, 2004-Ohio-3535, ¶¶ 19-20 (reviewing trial court's order vacating arbitration award to see whether circumstances in R.C.

2711.10 existed). We emphasize, however, that our review is not a de novo review of the merits of the dispute as presented to the arbitrator. *Id*. We review the trial court's order vacating an arbitration award de novo to see whether any of the statutory grounds for vacating an award exist.

## B. Vacating an Arbitration Award

{¶19} A reviewing court cannot easily overturn an arbitrator's award. *Bd. Of Trustees of Miami Twp. v. Fraternal Order of Police, Ohio Labor Council,* 81 Ohio St.3d 269, 273, 690 N.E.2d 1262 (1998). By statute, a trial court must confirm an arbitrator's award if does not modify, correct, or vacate it. R.C. 2711.09. "Because Ohio law favors and encourages arbitration, courts only have limited authority to vacate an arbitrator's award." *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. Franklin No. 12AP–451, 2013–Ohio–1057, ¶ 22, citing *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 99 Ohio St.3d 476, 2003–Ohio–4278, ¶ 13. An award can be vacated only if

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

*(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.*

(Emphasis added.) R.C. 2711.10.

{¶20} "An arbitrator exceeds his or her authority in rendering an award if the award does not draw its essence from the collective bargaining agreement." *Reynoldsburg* at ¶ 23, citing *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton City, Ohio, Inc. v. Cincinnati,* 63 Ohio St.3d 403, 406, 588 N.E.2d 802 (1992). An arbitrator's award draws its essence from a collective bargaining agreement "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful." *Id.*, citing *Mahoning City Bd. of Mental Retardation & Dev. Disabilities v. Mahoning City TMR Edn. Assn.*, 22 Ohio St.3d 80, 488 N.E.2d 872 (1986), paragraph one of the syllabus. "Once it is determined that the arbitrator's award draws its essence from the [agreement] and is not unlawful, arbitrary, or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." *Bd. of Edn. of the Findlay City School Dist. v. Findlay Education Assn. et al.,* 49 Ohio St.3d 129, 551 N.E.2d 186 (1990), paragraph two of the syllabus.

{¶21} In contrast, an arbitrator's award departs from the essence of the collective bargaining agreement when "(1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." *Ohio Office of Collective Bargaining v. Ohio Civil Serv. Employees Assn., Local 11, AFSCME, AFL–CIO,* 59 Ohio St.3d 177, 572 N.E.2d 71, paragraph one of the syllabus.

{¶22} " '[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.' " *Summit City Bd. of Mental Retardation & Dev. Disabilities v. Am. Fedn. of State, City & Mun. Employees,* 39 Ohio App.3d 175, 176, 530

N.E.2d 962 (9th Dist.1988), quoting *United Paperworkers Internatl. Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

{¶23} "The limited scope of judicial review [derives] from the fact that arbitration is a creature of contract. Contracting parties who agree to submit disputes to [arbitration] for final decision have chosen to bypass the normal litigation process." *City of Portsmouth v. Ohio Council 8, Am. Fedn. of State, City & Mun. Employees*, 141 Ohio App.3d 423, 429, 751 N.E.2d 536 (4th Dist.2001), quoting *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.,* 98 Ohio App.3d 45, 52, 647 N.E.2d 844 (8th Dist.1994). Thus, "[a]n arbitrator's award is not subject to reversal simply because the reviewing court disagrees with the arbitrator's findings of fact or with his interpretation of the contract." *Jackson City, Ohio Sherriff,* 2004-Ohio-3535, at ¶ 17, citing *Goodyear Tire & Rubber Co. v. Local Union, No. 200*, 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975). Otherwise, "[a]rbitration, which is intended to avoid litigation, would instead merely become a system of 'junior varsity trial courts' offering the losing party complete and rigorous de novo review." *City of Piqua v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 185 Ohio App.3d 496, 2009-Ohio-6591, 924 N.E.2d 876, ¶ 16, quoting *City of Dayton v. Internatl. Assn. of Firefighters, Local No. 136*, 2007-Ohio-1337, ¶ 13 (2nd Dist. Montgomery), quoting *Motor Wheel Corp.* at 52.

### C. The Trial Court Erred in Failing to Review the Arbitration Award Under R.C. 2711.10(D)

{¶24} In reviewing the arbitration award, the trial court stated that it was "*performing its own independent analysis of the issues in our case.*" (Emphasis added.) (Docket No. 15, p. 2). After considering the evidence, it found that the CBA did not prohibit the Board from subcontracting out bargaining unit work to an outside contractor because outside contractors fell

outside the scope of Article 30A. It therefore concluded that it had not been established by a preponderance of the evidence that the Board violated the CBA.

{¶25} The Union argues that the trial court erred in substituting its judgment and opinion for that of the arbitrator. Specifically, it argues that the trial court overstepped its bounds when it performed an independent analysis of the issues that were already raised during the arbitration hearing instead of considering the limited issue whether the arbitration award drew its essence from the CBA.

{¶26} The Board argues that the trial court implied that the arbitration award did not draw its essence from the CBA when it found that outside contractors fell outside the scope of Article 30A. Thus, it contends that the trial court properly vacated the arbitrator's award under R.C. 2711.10(D).

{¶27} Under R.C. 2711.10(D), the trial court was limited to considering whether the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made (i.e., whether the arbitration award drew its essence from the CBA). Rather than considering this issue, the trial court conducted its own analysis of the issues presented to the arbitrator and concluded that it had not been established by a preponderance of the evidence that the Board violated the CBA. This type of review is improper under R.C. 2711.09 and R.C. 2711.10. *Jackson City, Ohio Sheriff,* 4th Dist. Jackson No. 02CA15, 2004-Ohio-3535, ¶ 17, citing *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627,* 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001).

{¶28} While the Board argues that the trial court implied that the arbitration award did not draw its essence from the CBA, our review of an arbitration award is confined to an evaluation of the trial court's order confirming, modifying or vacating the arbitration award. *City*

*of Cleveland v. Cleveland Police Patrolmen's Assn.*, 2016-Ohio-702, 47 N.E.3d 904, ¶ 22 (8th Dist.), citing *Miller v. Mgt. Recruiters Internatl., Inc.*, 180 Ohio App.3d 645, 2009-Ohio-236, 906 N.E.2d 1162, ¶ 9 (8th Dist.), citing *Lynch v. Halcomb*, 16 Ohio App.3d 223, 475 N.E.2d 181 (12th Dist.1984), paragraph two of the syllabus. Here, the trial court stated that it was vacating the arbitration award because it believed that it had not been established by a preponderance of the evidence that the Board violated the CBA. It neither contemplated R.C. 2711.10(D) nor concluded that the arbitration award did not draw its essence from the CBA.

{¶29} Therefore, since the record demonstrates that the trial court conducted an independent analysis of the issues presented to the arbitrator, rather than engaging in a review under R.C. 2711.10(D), the trial court erred as a matter of law. *Compare Jackson City, Ohio Sherriff* at ¶¶ 17-23 (considering whether arbitrator exceeded his powers where the trial court's order contemplated R.C. 2711.10(D)).

{¶30} We sustain the Union's assignment of error.

### IV. Conclusion

{¶31} Accordingly, we reverse the judgment of the trial court and remand the matter so that the trial court can review the arbitration award under R.C. 2711.10.

JUDGMENT REVERSED AND REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND REMANDED. Appellee shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only.

For the Court

BY:  _____
         Marie Hoover, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**