[Cite as *Zeck v. Smith Custom Homes & Design, L.L.C.*, 2022-Ohio-622.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DARREN ZECK, ET AL.,                          :

      Petitioners-Appellants,          :

                                      No. 110574

      v.                                               :

SMITH CUSTOM HOMES & DESIGN,
LLC,                                                        :

      Respondent-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 3, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-939797

---

### *Appearances:*

Seeley, Savidge, Ebert & Gourash Co., LPA, and Jeffrey S. Moeller, *for appellants.*

Berns, Ockner & Greenberger, LLC, and Douglas V. Bartman, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Petitioners-appellants, Darren and Nicole Zeck ("the Zecks"), appeal the trial court's judgment entry denying their application to vacate the arbitration award (in part) and confirming the arbitration award in favor of respondent-

appellee, Smith Custom Homes & Design, LLC ("Smith"). For the reasons set forth below, we affirm.

{¶ 2} The instant case arises from a breach of contract dispute between the Zecks and Smith. In October 2019, the parties entered into an agreement for Smith to remodel a home the Zecks recently purchased. Under the agreement, Smith was to begin work on October 30, 2019, and substantially complete the remodel within 130 days of commencement. The parties agreed to a contract amount of $180,920, which included allowances identified in the project proposal and allowance schedule. According to paragraph 6 ("**Selections/Allowances**") of the agreement, if the cost of the Zecks' selected materials exceeded the allowance, Smith was to notify the Zecks, and the amount in excess of the allowance, plus 20% for overhead, would be added to the next payment. The Zecks paid Smith an initial deposit of $27,000.

{¶ 3} Time was of the essence for the Zecks because they were living in a rental home during the remodel. Throughout the remodel, there were several delays, resulting from concealed conditions with the framing, water intrusion, and electrical wiring, that had to be addressed. As a result of these delays, Smith was unable to substantially complete the project within 130 days.

{¶ 4} In March 2020, Smith requested payment for its third draw for drywall. The Zecks declined to pay the draw without Smith first giving a firm move-in date. In response, Smith advised that no further work would be performed

without payment.  The Zecks responded by advising Smith that it was not permitted to perform any further work on their home.

{¶ 5}  The parties' agreement contained an arbitration clause in which the parties agreed to submit to arbitration in the event of any dispute.  In August 2020, a hearing was held before a Construction Industry Division Arbitrator of the American Arbitration Association.  The hearing lasted eight hours, at which six different witnesses presented testimony and evidence.  After the conclusion of the hearing, the arbitrator issued her decision, awarding Smith $13,704.99.

{¶ 6}  The arbitrator found that Smith did not meet the original substantial-completion date due to delays from structural, water, and electrical conditions.  The arbitrator found that Smith was entitled to an extension of time because the delays resulted from concealed conditions for which Smith was not responsible.  The arbitrator further found that the Zecks breached the contract when they informed Smith that no money would be paid and that it was not permitted to perform any further work.

{¶ 7}  As of the date of the breach, Smith incurred costs totaling $116,807.14 or 65% percent of the contract amount.  The arbitrator found that this amount was taken from Smith's internal budget and did not include "overhead and profit."  This amount did include a "Construction Management Fee," which the arbitrator found was really Smith's overhead and profit.  The arbitrator further found that Smith had an obligation to mitigate its damages and was only entitled to the costs of correctly completed work, which resulted in a deduction of $35,043.15.  The deductions

included $22,085 for the Construction Management Fee, $600 for TBD Drywall add-ons, $6,617 for granite, $745.15 for a Z-Line Hood, and $4,996 for Wolf Brothers. The arbitrator then added $16,352.80 to Smith's costs for its overhead and profits, making the subtotal $98,116.79. After deducting the $78,115.80 in payments the Zecks made, Smith's total was $20,000.99. However, the arbitrator found that the Zecks were entitled to $6,296 in expenses, which made the total net award to Smith $13,704.99.

{¶ 8} Thereafter, the Zecks filed an application with the trial court to vacate (in part) the arbitration award. Smith filed its own application with the trial court, seeking to confirm the award. The trial court denied the Zecks' application to vacate and confirmed the arbitration award, stating that "[w]hen the parties agreed to submit their contract interpretation disputes to arbitration, the Arbitrator's interpretation of the Agreement, and not the interpretation of this Court, governs the rights of the parties." The court found that the Zecks failed to establish that the arbitrator exceeded her authority. The arbitrator specifically determined that the Zecks breached the contract, and therefore, it was within her authority to award overhead damages pursuant to the contract terms.

{¶ 9} It is from this order that the Zecks appeal, raising the following two assignments of error for review.

> **Assignment of Error One:** The trial court erred by failing to vacate (in part) or correct the arbitration award, despite undisputed evidence that the arbitrator had double counted when calculating the amount of the award.

**Assignment of Error Two:** The trial court erred by failing to partially vacate (or clarify) that $6,447 worth of the award for allegedly unsalvageable materials, allegedly paid for by [Smith], requires delivery of those materials to the Zecks.

{¶ 10} Within these assigned errors, the Zecks challenge the arbitration award, arguing that the arbitrator exceeded her authority when she awarded double profit to Smith on the completed percentage of work. The Zecks further argue that the arbitrator erred when she awarded Smith $6,447 for the cultured marble but did not order Smith to give the marble to the Zecks.

{¶ 11} R.C. Chapter 2711 governs the method to grant and challenge an arbitration award. Under R.C. 2711.09, the trial court is required to grant a timely application for an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [R.C. 2711.10 and 2711.11]." Upon an application to vacate the arbitration award, R.C. 2711.10 provides that the trial court shall vacate the award under limited circumstances. Relevant to the instant case, R.C. 2711.10(D) requires the arbitration award to be vacated when the arbitrators "exceeded their powers[.]"

{¶ 12} In *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, the Supreme Court of Ohio held that "[w]hen reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Id.* at syllabus, citing *First Options of Chicago,*

*Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Whether an arbitrator has exceeded their authority pursuant to R.C. 2711.10(D) is a "'question of law'" that is reviewed de novo. *Id.* at ¶ 25, quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000). Our de novo review on appeal, however, is not a de novo review of the merits of the dispute as presented to the arbitrator. *Adams Cty./Ohio Valley Local School v. OAPSE/AFSCME, Local 572*, 2017-Ohio-6929, 94 N.E.3d 937, ¶ 18 (4th Dist.), citing *Jackson Cty., Ohio Sheriff v. FOP Ohio Labor Council, Inc.*, 4th Dist. Jackson No. 02CA15, 2004-Ohio-3535, ¶ 19-20. Rather, we review a trial court's decision whether to vacate an arbitration award "de novo to see whether any of the statutory grounds for vacating an award exist." *Id.*

{¶ 13} An arbitrator exceeds his or her authority in rendering an award if the award does not draw its essence from the contract. *Queen City Lodge No. 69, FOP, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 406, 588 N.E.2d 802 (1992) (citations omitted). The Ohio Supreme Court has held that an arbitrator's award departs from the essence of the agreement when: "(1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL-CIO*, 59 Ohio St.3d 177, 572 N.E.2d 71 (1991), paragraph one of the syllabus.

{¶ 14} On the other hand, "[a]n arbitrator's award draws its essence from a[n] * * * agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful." *Mahoning*

*Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St. 3d 80, 488 N.E.2d 872 (1986), paragraph one of the syllabus. "'Once it is determined that the arbitrator's award draws its essence from the [agreement] and is not unlawful, arbitrary, or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end.'" *Adams Cty./Ohio Valley Local School* at ¶ 20, quoting *Bd. of Edn. of the Findlay City School Dist. v. Findlay Education Assn.* 49 Ohio St.3d 129, 551 N.E.2d 186 (1990), paragraph two of the syllabus.

{¶ 15} In the instant case, the Zecks argue that the arbitrator's award should be vacated because the arbitrator exceeded her authority when she awarded Smith $16,352.80 for overhead and profit. The Zecks contend that the arbitrator's award implemented paragraph 22 by accepting Smith's estimated 65% of completion in its calculation. Paragraph 22 of the contract sets forth the termination procedure and provides in relevant part:

> 22. **Termination.** If further performance under this Agreement is hampered by communication problems, misunderstandings or mistrust, or if the personal circumstances of Owner or representatives of Builder change to such a degree as to materially interfere with the progress of the Work, the Builder or Owner may upon seven (7) days prior written notice to the other party, terminate this Agreement. Upon such termination, the Builder shall calculate the amount due to Builder for the Work performed up to the date of termination by the percentage of completion or amount due to Owner if credit is due. The percentage of completion will be determined by adding all costs incurred to date for completed and partially completed Work as a percentage of total Price and change order(s) costs in accordance with the cost breakdown. * * * The sum to be paid under this stipulated procedure represents an amount which the parties agree to be a reasonable and fair resolution for terminating the Agreement pursuant to this Paragraph, and that

this procedure takes into account any actual or consequential damages, if any (it being difficult if not impossible to ascertain those damages) that would be incurred by the party who is informed that the Agreement is being terminated.  * * * Upon termination of this Agreement and payment of the stipulated sums and liquidated damages if any, no cause of action against Owner or Builder shall accrue on behalf of the other party, and neither Owner nor Builder shall have any further rights or obligations under this Agreement.

{¶ 16} The Zecks argue Smith is only entitled to the damages specified in paragraph 22, which excludes any award for profit and overhead.  They further contend the remedy of paragraph 22, is a liquidated one, inclusive of any consequential damages such as lost profits.  Relying on *H.C. Nutting Co. v. Midland Atlantic Dev. Co., LLC*, 2013-Ohio-5511, 5 N.E.3d 125 (1st Dist.), the Zecks maintain that the arbitrator exceeded her authority when she added an additional 20% for profit and overhead because the overhead and lost profits were already accounted for.  As a result, the Zecks contend Smith owes them $2,647.81 ($16,352.80-$13,704.99).[1]

{¶ 17} In *H.C. Nutting*, the First District Court of Appeals found that the arbitrator exceeded his authority when the arbitrator awarded consequential damages and lost profits, which were expressly prohibited by the contract.  *Id.* at ¶ 18.  The Zecks contend that based on *H.C. Nutting*, the trial court should have vacated the arbitrator's award of lost profits and overhead.

---

[1]  In a letter to the American Arbitration Association attached to their *Brief in Opposition to Petitioner's (Smith) Application to Vacate (in part) Arbitration Award*, the Zecks dispute the arbitrator's findings and contend Smith owes them $10,760.81.

{¶ 18} In *H.C. Nutting*, however, the language of the consequential damages clause was not the determinative factor in the court's decision. Rather, it was the arbitrator's failure to offer any rationale for his award. The court stated:

> Had the arbitrator discussed the contract language or provided some basis for the award, his decision might have at least rested upon an interpretation of the parties' contract. In the absence of some evidence that he "was dispensing his own brand of justice," we would be obliged to confirm the award, even if we disagreed with his reasoning and conclusion. Here, however, the arbitrator failed to discuss the probative terms of the contract and offered no clear basis for how he construed the contract. Without such consideration, and with an award, which on its face awards Midland consequential damages, damages which are expressly precluded by the parties' contract, we cannot conclude that the award was based upon the four corners of the contract or that it drew its essence from the parties' agreement.

(Citations omitted). *Id.*

{¶ 19} Whereas, in the instant case, the arbitrator reviewed the evidence, discussed the probative terms of the contract, offered her basis for how she construed the contract, and provided the basis for the award. Specifically, the arbitrator found the Zecks breached the contract when they informed Smith that "no money would be paid and that it was not permitted to perform any work." The arbitrator did not find that the agreement was terminated pursuant to the termination clause (paragraph 22). The arbitrator, deriving from the terms of the agreement, found that the termination clause only requires that the Zecks pay the value of the completed work. The arbitrator found that Smith's costs were $116,807.14 and did not include "overhead and profit." The arbitrator found that Smith had an obligation to mitigate damages and deducted $35,043.15 from Smith's

costs. A significant part of the deduction included $22,085 for the Construction Management Fee, which the arbitrator found was Smith's overhead and profit. The arbitrator then added to Smith's total $16,352.80 as 20% overhead and profits based on paragraph 6 of the contract. Based on these calculations, it is clear that the arbitrator did not double count the overhead and lost profits award as the Zecks contend.

{¶ 20} Therefore, we find that the arbitrator did not "exceed her powers." The arbitrator's award drew its essence from the parties' agreement and it can be rationally derived from the terms of the agreement. As the Ohio Supreme Court stated, "arbitrators have 'broad authority to fashion a remedy, even if the remedy contemplated is not explicitly mentioned' in the applicable contract." *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 6, quoting *Queen City Lodge No. 69,* 63 Ohio St.3d at 407, 588 N.E.2d 802.

{¶ 21} The Zecks further argue that the arbitration award should be clarified to require Smith to deliver the cultured marble to them because they had paid Smith $6,447 for it. We note that the Zecks fail to state the specific basis for vacating this portion of the award under R.C. 2711.10.

{¶ 22} As discussed above, the arbitrator reviewed the agreement and the damages proffered in determining the award. The arbitrator also considered Smith's obligation to mitigate damages. When doing so, the arbitrator acknowledged that the cultured marble was a special-order item, which was the only mention of the cultured marble in the arbitrator's award.

**{¶ 23}** The Zecks' claim appears to be an attack on the merits of the award, which is disallowed by the narrow scope of judicial review of arbitration awards. *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.*, 98 Ohio App.3d 45, 51-52, 647 N.E.2d 844 (8th Dist.1994) (where our court stated, "[t]he limited scope of judicial review of arbitration decisions comes from the fact that arbitration is a creature of contract. * * * If parties cannot rely on the arbitrator's decision (if a court may overrule that decision because it perceives factual or legal error in the decision), the parties have lost the benefit of their bargain."). Moreover, a reviewing court cannot reject an arbitrator's findings of fact or interpretation of the agreement simply because it disagrees with them. *Cleveland v. Cleveland Police Patrolmen's Assn.*, 2016-Ohio-702, 47 N.E.3d 904, ¶ 23 (8th Dist.), citing *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 742 N.E.2d 630 (2001).

**{¶ 24}** Therefore, the first and second assignments of error are overruled.

**{¶ 25}** Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
EMANUELLA D. GROVES, J., CONCUR